IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-133-BO-1
No. 7:11-CV-145-BO

| | |
|---|---|
| HENRY RAYFORD PRIVETTE, JR., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 63]. Respondent, the government, has moved to dismiss [DE 68]. Petitioner has also moved for leave to file supplement to his § 2255 motion [DE 77]. For the reasons discussed below, the Petitioner's Motion to Vacate is dismissed.

## BACKGROUND

On August 31, 2008, a jury found Petitioner, Mr. Privette, guilty on ten counts of wire fraud. Mr. Privette was sentenced on January 27, 2009, to 168 months' imprisonment on all counts, to run concurrently. Mr. Privette filed a direct appeal, and this Court's judgment was affirmed by order entered December 22, 2009. Mr. Privette's petition for rehearing and rehearing en banc was denied by order entered February 8, 2010. The mandate of the Court of Appeals was entered on February 16, 2010. Mr. Privette filed the instant motion on July 14, 2011.

## DISCUSSION

A petitioner may file a motion under § 2255 within one year of the date on which his conviction became final. 28 U.S.C. § 2255(f)(1). If a petitioner files an unsuccessful direct appeal, the one-year clock begins to run when the time expires for filing a petition for writ of

certiorari in the Supreme Court. *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for filing a petition for writ of certiorari is generally 69 days from the entry of the appellate court mandate or 90 days from the date of entry of judgment. *See Id.*; SUP. CT. R. 13(1). If a petition for rehearing is timely filed in the appellate court, the time to file a petition for writ of certiorari runs from the date of the denial of rehearing. SUP. CT. R. 13(3).

Here, the denial of Mr. Privette's petition for rehearing and rehearing en banc was denied on February 8, 2010. Mr. Privette did not file a petition for writ of certiorari with the Supreme Court, and the time for doing so expired on or about May 8, 2010. Accordingly, Mr. Privette had one year from May 8, 2010, to file his motion to vacate under § 2255. Mr. Privette's motion was mailed on July 12, 2011, and filed on July 14, 2011. Mr. Privette's motion is therefore time-barred by the one-year period of limitations. However, because the government has not raised such defense in its motion to dismiss, the Court will go on to consider its argument that Petitioner has failed to state a claim upon which relief can be granted. Fed.R.Civ. P 12(b)(6).

Mr. Privette's motion raises several claims of ineffective assistance of counsel. At bottom, Mr. Privette challenges first that his attorney failed to make an opening statement. Mr. Privette's next claims concern counsel's failure to respond to or develop facts related to evidence regarding Mr. Privette's nolo contendere plea in state court. Mr. Privette also challenges trial counsel's failure to develop a response to the testimony of several witnesses regarding Rule 404(b) evidence. Finally, Mr. Privette challenges counsel's failure to challenge certain evidence as hearsay.

In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an

objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

At the outset, the Court notes that tactical decisions by trial counsel are generally afforded a strong presumption of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Trial tactics relating to the testimony of witnesses are generally afforded "enormous deference." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004) (citation omitted). Mr. Privette has made no showing that counsel's trial tactics were either below an objective standard of reasonableness or resulted in prejudice.

I. Opening Statement

Mr. Privette contends that by not making an opening statement, defense counsel left the jury with only the government's story of the case. Defense counsel reserved its opening statement at the beginning of the trial, and then proceeded directly to the questioning of its witness after the government rested. Waiver of an opening statement, though somewhat unusual, is a tactical decision and is not objectively unreasonable. *Huffington v. Nuth*, 140 F.3d 572, 583 (4th Cir. 1998). Accordingly, this claim fails under the *Strickland* analysis.

3

## II. Failure to develop arguments regarding hearsay and 404(b) evidence

Mr. Privette challenges counsel's failure to develop argument against hearsay evidence with regard to the testimony of Gregory Hembree and Garry Mlot, testimony concerning Kristine Lanning, and evidence of civil judgments and a consent order. Mr. Privette also challenges trial counsel's failure to develop arguments with regard to the Rule 404(b) testimony of Mr. Zamora and evidence of witness created charts.

The record reflects that trial counsel raised eleven specific hearsay objections at trial, seven of which were sustained by the Court. Trial counsel also requested a limiting jury instruction as to one hearsay objection, although the request was overruled by the Court. Trial Tr. at 40. Trial counsel also filed a written objection to the government's notice of its intent to present the testimony of Kristine Lanning as Rule 807 evidence. Trial counsel raised a sustained objection with regard to the testimony of Mr. Zamora, whose testimony the Court found to not be admissible under Rule 404(b). Trial Tr. at 274. Trial counsel also objected to the admission of witness created charts. Trial Tr. at 304. Trial counsel did not object to the admission of a consent judgment entered into by Mr. Privette. However, admission of a consent judgment in a subsequent criminal trial as a prior act under Rule 404(b) or as a personal admission under Rule 801(d)(2)(A) has been found to be proper. *See United States v. Cohen*, 946 F.2d 430, 435 (6th Cir. 1991) (listing cases). Accordingly, Petitioner cannot show prejudice with regard to trial counsel's failure to object or to develop argument.

In light of the record in this matter that reflects argument and numerous objections raised by trial counsel with regard to hearsay and Rule 404(b) evidence, as well as counsel's argument regarding jury instructions, the Court finds that trial counsel's actions did not fall below an

objective standard of reasonableness. Further, Mr. Privette has not shown that, if trial counsel's actions regarding such evidence had been different, the outcome of the trial would have been different. "[C]onclusory allegations are insufficient to establish the requisite prejudice under *Strickland*." *Terry*, 366 F.3d at 316.

IV. Nolo contendere pleas

Finally, the Fourth Circuit has already substantively rejected on direct appeal Mr. Privette's claims regarding his nolo contendere pleas. It is well settled that a petitioner may not, in a § 2255 proceeding, "recast, under the guise of collateral attack, questions fully considered" by the Court of Appeals. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Mr. Privette's ineffective assistance claims with regard to his nolo contendere pleas must fail.

Because he cannot show either that counsel's actions fell below an objective standard of reasonableness or resulting prejudice, Mr. Privette has failed to raise a colorable claim that the assistance of trial counsel was ineffective.

V. Motion for Leave to File

Mr. Privette has also filed a Motion for Leave to Supplement his § 2255 petition [DE 77], contending that he failed to file a memorandum in support of his petition. Because Mr. Privette has fully briefed his response to the government's motion to dismiss, the Court finds that his arguments in support of his petition are properly before the Court and that Mr. Privette's Motion for Leave to Supplement is therefore moot.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the

5

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Privette is not entitled to relief and the government is entitled to dismissal of the petitions, the Court considers whether Mr. Privette is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Privette's

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Because Mr. Privette has failed to show that he received the ineffective assistance of counsel in violation of his Sixth Amendment right, the government's Motion to Dismiss is GRANTED and Mr. Privette's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED. Mr. Privette's Motion for Leave to Supplement is DENIED AS MOOT.

SO ORDERED, this 23 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE